T.C. Memo. 2012-14

UNITED STATES TAX COURT

RAYMOND AND KATHLEEN VANDEGRIFT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11704-09.                    Filed January 12, 2012.

<u>J. Richard Greenstein</u>, for petitioners.

<u>James H. Harris, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined an income tax
deficiency for 2005 and an accuracy-related penalty pursuant to
section 6662(a).[1]  As a result of the parties' concessions before

_____

[1]All section references are to the Internal Revenue Code
(Code) in effect for the year in issue, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

trial, the issues remaining for decision all center around the real estate business activities of petitioner Raymond Vandegrift (Mr. Vandegrift), specifically, (1) whether he was a real estate professional under section 469(c)(7)(B), and (2) whether several real properties sold in 2005 were part of his real estate business. For the reasons explained herein, we hold that Mr. Vandegrift was not a real estate professional, the properties sold were part of his real estate business, and the sale proceeds must be netted against the loss on passive activities. We also uphold the accuracy-related penalty but only regarding the underpayment related to the overstated basis in the properties sold.

FINDINGS OF FACT

Petitioners resided in Pennsylvania at the time they filed their petition. They timely filed a joint Federal income tax return for 2005. Petitioners had nine children, whom they claimed as dependents on their return.

Some of the facts have been stipulated, and those facts are incorporated by this reference.

Respondent issued a notice of deficiency to petitioners in February 2009 in which he determined for 2005 a deficiency of $53,568 and an accuracy-related penalty of $10,713.60.

During 2005 petitioners owned nine real estate properties in addition to their residence, six of which were actively rented.

The remaining three of these properties were acquired as rental properties and were to be rehabilitated to be prepared as rental units, but they were sold before they were rented. The three properties which were sold were acquired as part of the rental operations Mr. Vandegrift directed. These three properties were at 7844 Gilbert Street, 3023 Dowitcher Street, and 3319 G Street (the three properties). The three properties sold were held for less than 1 year before sale.

Petitioners treated all nine properties as rental properties on their 2005 return and deducted losses from all nine of the properties from the gains they reported from the sale of the three properties. The 2005 return reflected a total real estate loss of $25,385, of which $11,674, including depreciation, was associated with the three properties petitioners sold and the remaining $13,711 was from the six properties which were generating rent. The 2005 return reflected a gain on the three sales of $39,388; respondent maintains the actual gain is $102,579.

Mr. Vandegrift, in addition to his real estate activity, was employed as a salesman by Hillyard, Inc. He earned roughly $120,000 in this position in 2005. He maintains that he spent over one-half of his business-related time and over 750 hours on the real estate activities. He did not maintain contemporaneous records of his time, and the trial record does not reflect any

objective measure of the time he spent as either an employee of Hillyard, Inc., or as a real estate businessman.

The sale of the property at 3023 Dowitcher Street in Philadelphia required petitioners to pay $3,000 in State transfer taxes, which was not allowed as an offset of the sale proceeds by respondent and is properly treated as additional basis.

OPINION

I.  Burden of Proof

The Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the Commissioner's determinations are incorrect.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, section 7491(a)(1) provides that subject to certain limitations, where a taxpayer introduces credible evidence with respect to a factual issue relevant to ascertaining the taxpayer's tax liability, the burden of proof shifts to the Commissioner with respect to such issue.  Section 7491(a)(2) provides that section 7491(a)(1) shall apply with respect to a factual issue only if the taxpayer has complied with certain substantiation requirements and maintained all records required by the Code and cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews.  Petitioners did not maintain contemporaneous records accurately accounting for the time Mr. Vandegrift spent as an

employee of Hillyard, Inc., or as a real estate businessman. Accordingly, we find that petitioners have the burden of proof in this case under Rule 142(a) because section 7491(a) does not operate to shift the burden to respondent on this record. We note also that respondent does have the burden of production regarding the penalty. See sec. 7491(c).

## II.   Whether Mr. Vandegrift Was in the Real Estate Business Under Section 469(c)(7)

Section 469(a)(1)(A) operates to generally disallow passive activity losses. A passive activity loss is defined as the excess of the aggregate losses from all passive activities for a year over the aggregate income from all passive activities for the year. Sec. 469(d)(1). Passive activities include any trade or business in which the taxpayer does not "materially participate". Sec. 469(c)(1). Section 469(c)(2) provides that except as provided in section 469(c)(7), the term "passive activity" definitively includes any rental activity.

Section 469(c)(7)(B) defines the taxpayers relieved from passive loss treatment as those who perform more than one-half of their personal services in real property trades or businesses in which they materially participate, and who perform more than 750 hours of services in real property trades or businesses in which they materially participate. For taxpayers filing a joint return, only one need qualify.

Petitioners maintain Mr. Vandegrift qualifies as such an individual. He testified that over one-half of the total time he spent in business activity was devoted to the real estate business. We found Mr. Vandegrift to be generally honest and forthright, but his time estimate is suspect given his employment as a salesman for an employer in a business unrelated to the real estate activity. His subjective estimate also suffers from a lack of contemporaneous verification by records or other evidence. Section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), sets forth the requirements necessary to establish the taxpayer's hours of participation as follows:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

We have held that the regulations do not allow a postevent "ballpark guesstimate" of time committed to participation in a rental activity. Moss v. Commissioner, 135 T.C. 365, 369 (2010); Bailey v. Commissioner, T.C. Memo. 2001-296; Goshorn v. Commissioner, T.C. Memo. 1993-578. We are forced to find on the record before us that petitioners have failed to carry their

burden of establishing that Mr. Vandegrift spent over one-half his work time in the real estate business. Accordingly, we hold that Mr. Vandegrift does not satisfy the terms of section 469(c)(7)(B) for 2005.

III. <u>Whether the Properties Sold Were Part of the Rental Real Estate Business, and Whether the Rental Losses May Be Netted Against the Sale Gains</u>

Respondent argues that because the three properties sold in 2005 were not rented, there is short-term capital gain on the sales which may not be offset by the losses on the other real estate activity. Because of our prior holding, the rental real estate loss is passive. Respondent argues the loss may not be offset against petitioners' income because petitioners' gross income exceeds the limitations on allowable passive real estate losses. See sec. 469(i).[2] Petitioners counter that regardless of whether the rental real estate loss is passive, all of the real estate activities were part of one single business, and the

_____

[2]Sec. 469(i)(1) provides:

> In the case of any natural person, subsection (a) shall not apply to that portion of the passive activity loss or the deduction equivalent * * * of the passive activity credit for any taxable year which is attributable to all rental real estate activities with respect to which such individual actively participated in such taxable year * * *

The sec. 469(i) exception is limited to $25,000. Sec. 469(i)(2). The $25,000 maximum "offset", however, begins to be phased out for taxpayers whose adjusted gross income exceeds $100,000 and is completely phased out for taxpayers whose adjusted gross income is $150,000 or more. Sec. 469(i)(3)(A).

losses and gains in that single business must be netted to determine passive income.

This issue is resolved by our factual determination that the real estate activities constituted one trade or business and by the definitions of passive activity in section 469(c) and of passive activity loss in section 469(d)(1). Section 469(c)(1) provides that passive activity means an activity involving the conduct of a trade or business in which the taxpayer does not materially participate. Mr. Vandegrift's real estate activities meet this definition. Section 469(d)(1) requires that aggregate losses from passive activities be netted with aggregate income from such activities.

Mr. Vandegrift testified he initially acquired the three properties sold in 2005 with the intent to rent them; however, various circumstances eventually made a quick sale of the properties more advantageous to his real estate business. His testimony in this regard was credible, and we hold that the properties sold were part of the same passive real estate activity as the rental properties and that the proceeds should be netted with the rental loss to determine the correct amount of passive income for 2005.

IV. Whether the Penalty Is Applicable

Section 6662 authorizes the Commissioner to impose a 20-percent penalty on an underpayment of tax that is attributable

to, among other items, negligence or any substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2). For purposes of section 6662, "negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Code, and "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonably prudent person would do under the circumstances).  A return position that has a reasonable basis is not attributable to negligence.  Sec. 1.6662-3(b)(1), Income Tax Regs.  Similarly, under section 6664(c)(1), no penalty is imposed under section 6662 with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.

Respondent has determined that the 20-percent penalty under section 6662(a) is applicable on the basis of negligence and a substantial understatement of income tax.  Petitioners argue that they relied in good faith on their return preparer and that such reliance was reasonable cause for their underpayment.  Regarding the underpayment related to the overstated itemized deductions which they did not contest at trial, we find petitioners' reliance on their return preparer to be reasonable.  Also, we find that because of the technical nature of the question of

whether Mr. Vandegrift was a real estate professional, they were acting in good faith in claiming the activities were not passive. However, we find that their underpayment is not subject to a reasonable cause defense with regard to the overstated basis and expenses in the real estate business. The errors in reporting these items cannot be laid solely at the feet of the return preparer. Mr. Vandegrift is primarily responsible for the numbers on the return regarding the real estate business. To the extent excess basis and expenses were claimed on the return, an underpayment results and the accuracy-related penalty is applicable and upheld.

To reflect the foregoing and concessions by the parties,

<u>Decision will be entered under Rule 155</u>.